UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:        Anthony J. Dettore,                    Case No. 15-45642
                                                     Adv. Pro. No. 15-4409
                        Debtor.                      Honorable Thomas J. Tucker
                                                     Chapter 13

_____/

            Anthony J. Dettore,

                    Plaintiff (Appellant),

v.                                                   Case No. 15-13986
                                                     Honorable Sean F. Cox
            JEM Real Estate Preferred Fund I, LLC,

                    Defendant (Appellee).

_____/

## ORDER DENYING APPELLANT'S MOTION FOR RECONSIDERATION/REHEARING

This action involved an appeal from a Chapter 13 Adversary Proceeding. On September 12, 2016, this Court entered an Opinion & Order affirming the bankruptcy court's decisions. (Doc. #18).

On September 26, 2016, Appellant Anthony J. Dettore ("Dettore") filed a "Motion for Reconsideration / Rehearing" pursuant to Federal Rule of Bankruptcy Procedure 8022. (Doc. #23, Dettore's Br.). Dettore seeks reconsideration of this Court's September 12, 2016 Opinion & Order. This Court ordered a response to Dettore's motion, which Appellee JEM Real Estate Preferred Fund I, LLC ("JEM") filed on October 11, 2016. (Doc. #26, JEM's Resp.).

Federal Rule of Bankruptcy Procedure 8022 provides that a motion for rehearing must be filed within fourteen days after entry of judgment. Fed. R. Bankr. Pro. 8022. It further provides

1

that the "motion must state with particularity each point of law or fact that the movant believes the district court ... has overlooked or misapprehended..."  *Id.*

When considering motions brought under Bankruptcy Rule 8022, courts have also looked to Local Rule 7.1 of the Eastern District of Michigan, which sets forth the grounds for motions for rehearing or reconsideration.  *See Matter of Coventry Commons Associates*, 155 B.R. 446, 449 (E.D. Mich. May 17, 1993).  Rule 7.1 provides, in pertinent part, that:

> (3) Grounds.  Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3).

Having reviewed the substance of Dettore's motion, this Court shall **DENY** the Motion for Reconsideration/Rehearing, as the arguments contained therein are without merit.  Dettore has therefore failed to satisfy the standards set forth above.

First, Dettore asserts that this Court erred when it determined that Dettore had waived on appeal any argument against the bankruptcy court's order denying Dettore's motion for reconsideration.  (Dettore's Br. at Pg ID 2007).  In making this argument, Dettore claims that "the issues raised on appeal were nearly identical to the issues raised in Dettore's Motion for Reconsideration."  (*Id*. at Pg ID 2008).  Thus, according to Dettore, he did not waive any argument against the bankruptcy court's decision to deny his motion for reconsideration.

This argument completely misses the mark.  This Court is fully aware that Dettore's brief on appeal is essentially a word-for-word recitation of the motion for reconsideration he filed in

the underlying Adversary Proceeding.  This, however, does not alter the fact that Dettore's appeal brief is silent as to whether the bankruptcy court erred when it denied his reconsideration motion.  At no point in time did Dettore seek relief in this regard.  Instead, Dettore's brief focused almost entirely on the bankruptcy court's order granting summary judgment.  In fact, Dettore's appeal brief did not even provide the standard of review that would apply to the bankruptcy court's denial of the reconsideration motion.  As such Dettore's first argument fails to point to any law or fact that has been misapprehended by this Court.  Nor has Dettore demonstrated a palpable defect by which this Court has been misled.

Second, Dettore argues that this Court erred when it declined to consider an affidavit that was untimely presented to the bankruptcy court.  (*Id.* at Pg ID 2008-09).  Specifically at issue here is Dettore's own affidavit, which was not presented to the bankruptcy court at the summary judgment stage.  Instead, Dettore attached the affidavit to his post-judgment motion for reconsideration and the bankruptcy court determined that it was untimely.

On appeal, Dettore offered the affidavit in support of why he believed the bankruptcy court erred in granting summary judgment.  Because this affidavit was not presented to the bankruptcy court at the time that it made its summary judgment decision, this Court correctly refused to consider it.  *See Am. Meat Inst. v. Pridgeon*, 742 F.2d 45, 47 (6th Cir. 1984) (finding that an issue raised for the first time in a motion to reconsider ... was untimely and thus waived on appeal).

Dettore has not cited any applicable case law that stands for the proposition that a court should consider affidavits and/or arguments that are presented for the first time in a motion for reconsideration.  This is especially true, where, as here, the affidavit at issue is a party's own.

3

Rather than cite to applicable law, Dettore argues that "if the Court is allowed to consider new affidavits as part of a Rule 59 motion [for a new trial, then] certainly the court should be allowed to consider additional affidavits following a summary judgment motion..." (Dettore's Br. at Pg ID 2010-11). Unfortunately for Dettore, whether the Court "should be allowed" to consider such an affidavit is not the governing standard here. As such, Dettore's second argument fails to apprise of any fact or law that has been misapprehended by this Court. Dettore has also failed to demonstrate any palpable defect by which this Court has been misled.

Accordingly, **IT IS ORDERED** that Dettore's Motion for Reconsideration/Rehearing (Doc. #23) is **DENIED**.

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: October 24, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 24, 2016, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager

4